UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CLARENCE LEWIS and ROXANNE LEWIS, as Personal Representative of the Estate of FRANCES LEWIS, Deceased<br>        Plaintiffs,<br><br>    v.<br><br>CAMERON U. ABERNATHY, JR. and CARGO TRANSPORTERS, INC.,<br>        Defendants. | CAUSE NO.: 2:16-CV-129-RLM-PRC |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Strike Portion[sic] of Paragraph 6 of Plaintiff's[sic] Complaint [DE 17], filed by Defendants Cameron U. Abernathy, Jr. and Cargo Transporters, Inc. on June 13, 2016. Plaintiffs Clarence Lewis and Roxanne Lewis, as Personal Representative of the Estate of Frances Lewis, deceased, filed a response on June 17, 2016, and Defendants filed a reply on June 22, 2016.

Federal Rule of Civil Procedure 12(f) provides that the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike are generally disfavored because such motions often only delay the proceedings. *See Heller Fin.. Inc. v. Midwhey Powder Co.*, Inc., 883 F.2d 1286, 1294 (7th Cir. 1989); *see also Sarkis' Cafe, Inc. v. Sarks in the Park LLC*, 55 F. Supp. 3d 1034, 1039 (N.D. Ill. 2014). However, if the motion seeks to remove unnecessary clutter from the case, then the motion serves to expedite, not delay, the proceedings. *Sarkis' Cafe, Inc.*, 55 F. Supp. 3d at 1039. Nevertheless, "mere redundancy or immateriality" is not enough for a court to strike parts of a pleading. *See Hardin v. Am. Elec. Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999) ("[M]ere

redundancy or immateriality is not enough to trigger the drastic measure of striking the pleading or parts thereof; in addition, the pleading must be prejudicial to the defendant."); *see also Coop v. Durbin*, No. 1:15-cv-1330, 2015 WL 7176341, at *1 (S.D. Ind. Nov. 13, 2015).

Because motions to strike are disfavored, a court ordinarily will not strike a matter unless it can confidently conclude that the portion of the pleading the motion addresses has "no possible relation to the controversy and is clearly prejudicial." *Volling v. Antioch Rescue Squad*, 999 F. Supp. 2d 991, 1007 (N.D. Ill. 2013) (internal quotation marks omitted); *see also Anderson v. Bd. of Educ. Of Chi.*, 169 F. Supp. 2d 864, 867-68 (N.D. Ill. 2001). The moving party on a motion to strike has "the burden of demonstrating that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration and unduly prejudicial." *All Am. Ins. Co. v. Broeren Russo Const., Inc.*, 112 F. Supp. 2d 723, 729 (C.D. Ill. 2000) (quoting *Vakharia v. Little Co. of Mary Hosp. & Health Care Ctr.*, 2 F. Supp. 2d 1028, 1033 (N.D. Ill. 1998)); *see also Meyer v. A & A Logistics, Inc.*, No. 13 CV 0225, 2014 WL 3687313, at *2 (N.D. Ill. July 24, 2014). Prejudice can be shown when the challenged pleading confuses the issues or is "so lengthy and complex that it places an undue burden on the responding party." *Sun Life Assurance Co. of Can. v. Great Lakes Bus. Credit LLC*, 968 F. Supp. 2d 898, 903 (N.D. Ill. 2013). District courts have considerable discretion to strike allegations under Rule 12(f). *Delta Consulting Grp., Inc. v. R. Randle Const., Inc.*, 554 F.3d 1133, 1141-42 (7th Cir. 2009); *Blankenship v. Pushpin Holdings, LLC*, —F. Supp. 3d—, —, 2016 WL 212933, at *5 (N.D. Ill. Jan. 19, 2016).

Plaintiffs filed a Second Amended Complaint on April 22, 2016, seeking compensatory damages from Defendants based on claims of personal injury and wrongful death arising from a crash between a semi-tractor trailer and a car on March 1, 2016. In Paragraph 6 of the Second

Amended Complaint, Plaintiffs quote multiple statements from Cargo Transporters, Inc.'s website regarding the safe driving of its truck drivers. For example, the website states that Cargo Transporters, Inc. hires safe drivers that are the "best of the best," uses extensive in-cab safety technology to assure safe operation, and operates vehicle systems that are "safer for the driver and most importantly, safer for the motoring public." (Second Am. Comp. ¶ 6 (quoting http://www.cargotransporters.com/)).

Relying on Rule 12(f), Defendants ask the Court to strike Paragraph 6 as immaterial, arguing that the statements from Cargo Transporters, Inc.'s website have "absolutely no relevance to the matters at issue." (Def. Mot. ¶ 3); *see also* Fed. R. Evid. 401 ("Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."). Additionally, Defendants allege that the statements in Paragraph 6 have the "potential to confuse the jury or have the jury to decide the issues of this cause of action." (Def. Mot. ¶ 8).

First, the basis for striking under Rule 12(f) relied on by Defendants is "materiality;" in contrast, the standard of relevance under the Federal Rules of Evidence, which the parties discuss, governs the admissibility of evidence on summary judgment or at trial. Should Plaintiffs seek to admit portions of the website quoted in Paragraph 6 on summary judgment or at trial, the Rules of Evidence will govern the admissibility of the statements. Any argument about the admissibility of those statements at this time is premature.

Moreover, Defendants have not shown that these statements from the website are so unrelated to Plaintiffs' claims to be void of merit or unworthy of consideration. *Spearman Indus. Inc. v. St. Paul Fire and Marine Ins. Co.*, 109 F. Supp. 2d 905, 907 (N.D. Ill. 2000); *see also Ahad*

*v. S. Ill. Sch. of Med.*, No. 3:15-CV-3308, 2016 WL 3023971, at *1 (C.D. Ill. May 25, 2016) ("Motions to strike are disfavored and will usually be denied unless the allegations being challenged are so unrelated to plaintiff's claim as to be void of merit and unworthy of any consideration, as well as unduly prejudicial.") (internal quotation marks omitted). This is a negligence action based on a collision involving Defendant Cameron U. Abernathy, Jr., a truck driver for Defendant Cargo Transporters, Inc. The quoted portions of the website in Paragraph 6 are related to the safety of Cargo Transporters, Inc.'s drivers. Thus, Paragraph 6 is not immaterial.

Nor can Defendants show prejudice. Paragraph 6, which is only eleven lines long, is neither lengthy nor complex and places no undue burden on Defendants. *See Sun Life Assurance Co. of Can.*, 968 F. Supp. 2d at 903 ("Motions to strike are properly denied when no prejudice could result from the challenged allegations, even though the matter literally is within the category set forth in Rule 12(f).") (internal quotation marks omitted); *see also Rector v. Streckenrider*, No. 14-CV-878, 2014 WL 7177248, at *1 (S.D. Ill. Dec. 16, 2014) ("[A] party must show prejudice to succeed on a motion to strike."). For the same reason, striking Paragraph 6 would not remove clutter from the case.

Defendants also argue that the statements from Cargo Transporters, Inc.'s website "do[] not make the existence of any facts that are of consequence through the determination of the action more or less probable than it would be without the evidence" because Defendants have already admitted that Carl Abernathy, Jr. was negligent. (Def. Mot. 3); (Def. Reply 2). The admission of negligence alone does not render Paragraph 6 immaterial. The Defendants' admission only means that Plaintiffs do not have to prove negligence at trial. Notably, Defendants do not ask the Court to strike those portions of Paragraphs 7, 8, 9, and 10 that include allegations of duty and negligence. In most

4

litigation, legal and factual issues are often resolved at various stages of the proceedings; however, courts do not strike portions of pleadings each time there is such a resolution.

As to jury confusion, Defendants fail to show that the statements have the potential to confuse the jury. As Plaintiffs note, the jury will not see the Second Amended Complaint as complaints are not evidence. *See Nisenbaum v. Milwaukee Cty.*, 333 F.3d 804, 810 (7th Cir. 2003) ("Allegations in a complaint are not evidence."); *see also Nat'l Acceptance Co. of Am. v. Bathaltar*, 705 F.2d 924, 930 (7th Cir. 1983) ("A complaint, on the other hand, no matter how detailed, is not evidence. It contains only averments and claims which, unless admitted, must be proved in order to support a judgment.").

Having considered the Second Amended Complaint and the parties' briefs, the Court finds that the allegations in Paragraph 6 are not so egregiously far removed from Plaintiffs' claims so as to be immaterial to the subject matter of this litigation, are not unduly lengthy, and do not constitute unnecessary clutter. In addition, Defendants will not be prejudiced by their duty under Federal Rule of Civil Procedure 8(b) to make a reasonable effort to respond to these allegations. The remedy of striking Paragraph 6 is not warranted.

Based on the foregoing, the Court hereby **DENIES** the Defendants' Motion to Strike Portion[sic]s of Paragraph 6 of Plaintiff's[sic] Complaint [DE 17].

SO ORDERED this 11th day of July, 2016.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT
